FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 24 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD FITZGERALD YOUNG,

        Plaintiff,

-against-

VINCENT DEMARCO, MICHAEL SHARKY,
MEDICAL STAFF, DENTAL STAFF,

        Defendants.
------------------------------------------------------------X
RICHARD FITZGERALD YOUNG,

        Plaintiff,

-against-

VINCENT DEMARCO, MICHAEL SHARKY,
MEDICAL STAFF, DENTAL STAFF,

        Defendants.
------------------------------------------------------------X
RICHARD FITZGERALD YOUNG,

        Plaintiff,

-against-

VINCENT DEMARCO, MICHAEL SHARKY,
MEDICAL STAFF, DENTAL STAFF,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1675 (SJF)(WDW)

14-CV-1955 (SJF)(WDW)

14-CV-2352 (SJF)(WDW)

FEUERSTEIN, District Judge:

Pending before the Court are: (a) three (3) civil rights complaints filed by incarcerated *pro se* plaintiff Richard Fitzgerald Young ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the same defendants, Vincent DeMarco, Michael Sharky, "medical staff" and "dental staff"

(collectively, "defendants")[1]; and (2) three (3) applications by plaintiff to proceed *in forma pauperis*. The complaints in each action challenge the conditions of plaintiff's confinement at the Nassau County Correctional Center ("NCCC") and are virtually identical.

Since plaintiff's financial status, as set forth in his declarations in support of his applications to proceed *in forma pauperis*, qualifies him to commence these actions without prepayment of the filing fees, *see* 28 U.S.C. § 1915(a)(1), plaintiff's applications to proceed *in forma pauperis* are granted.[2] However, for the reasons that follow: (a) plaintiff's second and third actions are consolidated with his first action for all purposes and shall proceed under the docket number of the first action, 14-CV-1675 (the "lead case"); (b) the second and third actions, assigned docket numbers 14-CV-1955 and 14-CV-2352, respectively, shall be administratively closed; and (c) because the Court finds that all three (3) complaints relate to the subject matter of *Reid, et al. v. Nassau County Sheriff's Department, et al.*, 13-CV-1192 (SJF)(WDW) ("the *Reid* action"), the lead case shall proceed in accordance with the Order of Consolidation entered in the *Reid* action on May 28, 2013, a copy of which is annexed hereto.

---

[1] Plaintiff's first complaint was filed on March 12, 2014 and was assigned docket number 14-CV-1675 (SJF)(WDW) (the "first action"). The second complaint was filed on March 19, 2014 and was assigned docket number 14-CV-1955(SJF)(WDW) (the "second action"). The third complaint was filed on April 4, 2014 and was assigned docket number 14-CV-2352(SJF) (WDW) (the "third action").

[2] Plaintiff is advised that his repetitive filing of the same claims against the same defendants is unnecessary and costly. Plaintiff has been assessed the three hundred fifty dollar ($350.00) filing fee for each of these actions and, in accordance with his prisoner authorization forms, one thousand fifty dollars ($1,050.00) will be collected from his prisoner account until this sum, comprised of the filing fee for each action, has been paid regardless of the outcome of these actions.

## DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Pursuant to Rule 42(a), courts are empowered to consolidate actions involving common questions of law or fact "to avoid unnecessary costs or delay," Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transporation Communications International Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted).

"'[I]n assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3d 626, 642 (2d Cir. 2011) (quoting Devlin, 175 F.3d at 130). "However, 'efficiency cannot be permitted to prevail at the expense of justice– consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" Id. (quoting Devlin, 175 F.3d at 130) (emphasis omitted); see also Johnson, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.") "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson, 899 F.2d at 1284-85.

Since the three (3) complaints filed by plaintiff are virtually identical, i.e., each complaint challenges the same conditions at the NCCC, is brought against the same defendants and seeks the same relief, the interests of convenience and judicial economy are best served by consolidating them. Accordingly, the complaints are *sua sponte* consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to proceed under the lead case, docket number 14-cv-1675. The

3

Clerk of the Court is directed to: (1) consolidate the three (3) actions in accordance with this Order and (2) administratively close the second and third actions under docket numbers 14-cv-1955 and 14-cv-2352, respectively.

In addition, since all three (3) of plaintiff's complaints relate to the subject matter of the *Reid* action, the lead case, 14-cv-1675, shall proceed in accordance with the Court's May 20, 2013 Order of Consolidation, entered in the *Reid* action on May 28, 2013, a copy of which is annexed hereto.

Finally, plaintiff is cautioned that his repetitive filing of the same claims against the same defendants is unnecessary, costly and may cause the Court to enter an order directing him to show cause why he should not be precluded from filing another action against the same defendants in this Court without first seeking leave of this Court. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (upholding the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**　　　　　　　　　　　　　　s/ Sandra J. Feuerstein

　　　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: April 24, 2014
　　　　Central Islip, New York